PEOPLE *v.* SHAUNDING.

1. CRIMINAL LAW—EVIDENCE-OF LACK OF SPECIFIC INTENT—LARCENY.
    In trial on charge of entering horse shed, without breaking, with intent to commit larceny, exclusion of testimony offered by defendant as to his belief that he had the right to take property in question from place taken *held,* reversible error.

2. LARCENY—TAKING UNDER CLAIM OF RIGHT.
    One who takes property under claim of right, however un-founded, has not committed larceny as felonious intent is an essential ingredient in every larceny.

Appeal from Allegan; Miles (Fred T.), J. Submitted June 14, 1934. (Docket No. 113, Calendar No. 37,786.) Decided July 2, 1934.

Brenton Shaunding was convicted of entering a horse shed, without breaking, with intent to commit larceny therein. Reversed, and new trial granted.

*Clare E. Hoffman* (*Leo W. Hoffman* and *Carl E. Hoffman,* of counsel), for appellant.

*Patrick H. O'Brien,* Attorney General, and *Welbourne S. Luna,* Prosecuting Attorney, for the people.

BUSHNELL, J. The trial court was in error in excluding testimony offered by the respondent as to his belief that he had the right to take the property in question from the place from which it was taken.

"The felonious intent is an essential and inseparable ingredient in every larceny, and if a person takes property under a claim of right, however unfounded, he has not committed larceny." *People* v. *Hillhouse,* 80 Mich. 580, 586.

The judgment is reversed, and a new trial is granted.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.